UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT A. VINCENT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-00771-JPH-MG ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) |

**ENTRY ON OBJECTION TO MAGISTRATE JUDGE'S ORDER**

On March 8, 2021, Magistrate Judge Lynch denied Plaintiff, Robert Vincent's, motion for leave to file an amended complaint. Dkt. 44. Mr. Vincent has filed an objection, dkt. 47, to which the United States has responded, dkt. 48. For the reasons below, Mr. Vincent's objection is **OVERRULED**. Dkt. [47].

**I.
Legal Standard**

The objecting party bears the burden of showing that the Magistrate Judge's order should be set aside or modified. *See Crawford v. Prof'l Transp., Inc.*, No. 3:14-cv-18-RLY-WGH, 2015 WL 5123871, at *4 (S.D. Ind. Sept. 1, 2015). A court will sustain an objection and set aside or modify a magistrate judge's order only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order is clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Brown v. Plata*, 563 U.S. 493, 513 (2011). "An order is contrary to law when it fails to apply or misapplies relevant statues, case law, or rules of procedure." *Pain Ctr.*

*of SE Ind., LLC v. Origin Healthcare Sols., LLC*, No. 1:13-cv-133-RLY-DKL, 2014 WL 6674757, at *2 (S.D. Ind. Nov. 25, 2014).

This is an "extremely deferential standard." *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006). To find a decision clearly erroneous, it is not enough for a reviewing court to "have doubts about its wisdom or think [it] would have reached a different result." *Parts & Elec. Motors, Inc. v. Sterling Elec. Co.*, 886 F.2d 228, 233 (7th Cir. 1988).

## II.
## Discussion

Ten months after Mr. Vincent filed his original complaint, he sought leave to file an amended complaint to add an informed consent claim. Dkt. 33. In support, Mr. Vincent alleged that an "informed consent claim was implicit" within the general negligence claim described in his original complaint. Dkt. 40 at 1–2. The Magistrate Judge denied Mr. Vincent's motion for leave to amend under Federal Rules of Civil Procedure 15 and 16, finding that he failed to show good cause for the proposed amendment. Dkt. 44.

Mr. Vincent does not object to Judge Lynch's decision denying leave to amend. Rather, Mr. Vincent objects to a specific finding within Judge Lynch's opinion—that the original complaint did not implicitly allege an informed consent claim. Dkt. 47 at 2; dkt. 44 at 4–5. The United States defends this finding, contending that Mr. Vincent's complaint failed to allege facts fairly implying a claim for lack of informed consent. Dkt. 48 at 7.

As an initial matter, Plaintiff contends that the Court's review of the Magistrate Judge's finding is de novo, dkt. 47 at 3, and Defendant asserts that

the standard is clear-error review, dkt. 48 at 6.  Federal Rule of Civil Procedure 72(a) covers "pretrial matter[s] not dispositive of a party's claim or defense" and instructs the "district judge in the case" to "modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  This Court referred Plaintiff's motion for leave to amend to the Magistrate Judge and the matter is not dispositive of Plaintiff's claim, so the Court reviews the decision for clear error.  *See id.*

Federal Rule of Civil Procedure 8(a)(2) requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While detailed factual allegations are not required under Rule 8, a complaint must contain sufficient factual matter to show that the stated claim "is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)).

In her opinion, the Magistrate Judge noted that a "lack of informed consent is a distinct theory of liability in a medical malpractice case."  Dkt. 44 at 4 (citing *Spar v. Cha*, 907 N.E.2d 974, 979 (Ind. 2009)).  The Magistrate Judge discussed the difference between a claim for lack of informed consent, which is "typically based on a physician's failure to meet her duty to provide the patient with facts material to the patient's decision to undergo the subject treatment," and a claim "that the treatment should not, under the applicable standard of care, have been given."  Dkt. 44 at 5.  The Magistrate Judge then

3

found that neither Mr. Vincent's complaint nor the FTCA notice attached to his complaint gave Defendants sufficient notice of an informed consent claim.  *Id.*

The Magistrate Judge acted well within her discretion in finding that the original complaint did not implicitly allege an informed consent claim.  Mr. Vincent's Federal Tort Claims Act ("FTCA") claims are determined "in accordance with the law of the place where the act or omission occurred." *Kraemer v. United States*, No. 1:16-cv-01522-JMS-MJD, 2018 WL 1811978, at *6 (S.D. Ind. 2018) (quoting 28 U.S.C. 1346 (b)(1)).  And Indiana uses a five-part test for informed consent claims, which requires that a plaintiff prove:

> (1) nondisclosure of required information; (2) actual damage . . . (3) resulting from the risks of which the patient was not informed; (4) cause in fact, which is to say that the plaintiff would have rejected the medical treatment if she had known the risk; and (5) that reasonable persons, if properly informed, would have rejected the proposed treatment.

*Spar*, 907 N.E.2d at 979–980 (citation omitted).

As the Magistrate Judge points out, the original complaint alleges that Mr. Vincent's doctor was negligent by improperly administering steroid injections.  Dkt. 44 at 5.  The complaint does not allege that the doctor failed to disclose required information about the treatment's risks or that Mr. Vincent would have rejected the medical treatment had he known of any risks.  *See id.*  The complaint thus does not contain facts allowing a court to infer the existence of a claim for lack of informed consent.

Mr. Vincent also asserts that his claim for lack of informed consent was implicit in his FTCA Notice.  Dkt 47 at 9.  The Notice reflects that Mr. Vincent's doctor informed him that he should not have another injection in his heel

sooner than 30 days after treatment because it would "increase[] his risk of an Achilles tendon rupture."  Dkt. 1-1 at 2.  Despite this warning, Mr. Vincent accepted another steroid injection inside that timeframe.  *Id.*  Mr. Vincent's FTCA Notice thus does not contain facts demonstrating a claim of lack of informed consent.

The Magistrate Judge acted well within her discretion in finding that Mr. Vincent's original complaint did not implicitly allege an informed consent claim. Thus, Mr. Vincent's objection is **OVERRULED**.  Dkt. 47.

## IV.
## Conclusion

For the reasons stated above, the Court **OVERRULES** Mr. Vincent's Objection.  Dkt. [47].

**SO ORDERED**.

Date: 6/11/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

David J. Cutshaw
COHEN & MALAD LLP
dcutshaw@cohenandmalad.com

Justin Kuhn
COHEN & MALAD LLP
jkuhn@cohenandmalad.com

Justin R. Olson
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
justin.olson2@usdoj.gov